

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00192-CR

_____

JERRY EDMOND BROADWAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR02492

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Jerry Edmond Broadway entered an open plea of guilty to the offense of possession or promotion of child pornography. *See* TEX. PENAL CODE ANN. § 43.26 (West 2016). After a bench trial on the issue of punishment, the trial court sentenced Broadway to ten years' imprisonment and ordered him to pay $2,225.25 in court costs. The bill of costs adds a fee of $1,481.25 without any reference as to the nature of this charge. However, the trial court's certificate authorizing payment of attorney fees demonstrates that the assessment of $1,481.25 constituted an order for Broadway to pay attorney fees for his court-appointed counsel. Because Broadway was indigent, he argues on appeal that the evidence is insufficient to support the order to pay attorney fees. Because we agree, we delete the order to pay attorney fees from the judgment, modify the judgment to reflect that the correct amount of court costs is $744.25, and affirm the judgment, as modified.

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure the sufficiency of the evidence supporting an order of court costs by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

The trial court declared Broadway indigent and appointed counsel for trial. During the punishment hearing, the trial court specifically found "no reason or no suggestion at this time that there's been a change in his financial circumstance." Accordingly, the trial court's oral

2

pronouncement did not include any order for Broadway to pay attorney fees. Nevertheless, the written judgment included an assessment of $1,481.25 for court-appointed attorney fees.[1]

After the trial court entered its judgment, Broadway also sought court-appointed counsel on appeal. The affidavit of indigence executed by Broadway to secure court-appointed counsel on appeal averred that he was unemployed; had no income from any source, no means to employ counsel, no cash or money on deposit, and no real or personal property "besides a negligible amount of clothing and personalty"; and was unable to obtain a loan to retain an attorney for purposes of appeal. The trial court again declared Broadway indigent and appointed counsel for appeal.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees as court costs only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong*, 340 S.W.3d at 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556). Here, the trial court declared Broadway indigent throughout the trial, and the oral pronouncement of Broadway's sentence did not include any order to pay attorney fees. Simply put, the appellate record in this case

---

[1]Since the trial court determined Broadway was indigent, he was presumed to remain indigent absent record proof of a material change in his circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2017); *Mayer*, 309 S.W.3d at 557.

3

demonstrates that the evidence is insufficient to support the order to pay attorney fees included in the written judgment.[2]

Appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, no pet.) (comprehensively discussing appellate cases that have modified judgments). Accordingly, we modify the trial court's judgment by deleting the order to pay attorney fees from

---

[2]The State argues that the court should be given an opportunity to comply with Article 42.15 (a-1) of the Texas Code of Criminal Procedure, which became effective on September 1, 2017, and states:

> (a-1)    Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:

> *Text of (a-1)(1), as added by Acts 2017, 85th Leg., ch. 977 (H.B. 351), § 4*

> (1)    required to be paid at some later date or in a specified portion at designated intervals;

> *Text of (a-1)(1), as added by Acts 2017, 85th Leg., ch. 1127 (S.B. 1913), § 4*

> (1)    subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals;

> (2)    discharged by performing community service under, as applicable, Article 43.09(f), Article 45.049, Article 45.0492, as added by Chapter 227 (H.B. 350), Acts of the 82nd Legislature, Regular Session, 2011, or Article 45.0492, as added by Chapter 777 (H.B. 1964), Acts of the 82nd Legislature, Regular Session, 2011;

> (3)    waived in full or in part under Article 43.091 or 45.0491; or

> (4)    satisfied through any combination of methods under Subdivisions (1)-(3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2017). Here, the trial court's oral pronouncement did not assess attorney fees as costs. To the extent that the written judgment did, we have concluded that Article 26.05 did not authorize the assessment. Accordingly, remand is not necessary to determine whether Broadway can or cannot immediately pay the assessment of attorney fees as court costs.

the judgment.  We modify the judgment to reflect that the correct amount of court costs is $744.25

and affirm the judgment, as modified.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:      February 14, 2018
Date Decided:        February 15, 2018

Do Not Publish